IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| **Cadence Bank,** | § § § |
| *Plaintiff,* | § § Civil Action No. 3:24cv00235 |
| v. | § § |
| **TMI Consulting Incorporated dba Loom Technologies** | § § § § |
| *Defendant.* | § § § |

# COMPLAINT

COMES NOW, Cadence Bank, a Mississippi state-chartered bank (the "**Bank**"), and for its complaint against defendant TMI Consulting Incorporated dba Loom Technologies ("**Borrower**"), would respectfully show as follows:

## PARTIES AND CITIZENSHIP

1. The Bank is a state banking corporation organized under the laws of the State of Mississippi with a principal place of business in Tupelo, Mississippi.

2. Defendant Borrower is a Virginia company with its principal place of business and main office in Richmond, Virginia.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship, and the amount in controversy is in excess of $75,000.00.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Borrower is a Virginia limited liability company with its principal place of business in Richmond, Virginia.

## FACTS

### Loan from Bank to Borrower

5. On or about January 6, 2020, the Bank made a loan to Borrower in the principal amount of $200,000 (the "**Loan**"). A true and correct copy of the Loan is attached hereto as **Exhibit A** and is incorporated by reference herein. The Loan is evidenced by, among other documents, that certain Note executed by Borrower and made payable to the order of Bank in the stated principal amount of $200,000.00 together with the variable interest rate as stated therein (the "**Note**"). A true and correct copy of the Note is attached hereto as **Exhibit B** and is incorporated by reference herein.

6. The Note required Borrower to make consecutive monthly payments of principle and interest in the amount of $2,374.04 each month beginning two months from the date of the Note and continuing until the maturity of the Note on January 6, 2030, on which date all remaining amounts due under the Note are to be paid to Bank.

7. The Note further provides that if any payment required to be paid by Borrower is more than ten (10) days late, the Bank may charge Borrower a late fee of up to 5.00% of the unpaid portion of the regularly scheduled payment.

8. The Loan and the Note are secured by a Security Agreement executed by Borrower dated January 6, 2020 (the "**Security Agreement**"). Pursuant to the Security Agreement, Borrower granted a security interest in all its business assets and equipment (as described in more detail in the Security Agreement, the "**Collateral**"). A true and correct copy of the Security Agreement is attached hereto as **Exhibit C** and is incorporated by reference herein.

9. The Loan, Note, and Security Agreement are collectively referred to as the "**Loan Documents**."

10. The Note provides that the Bank is entitled to recover costs of collection of all amounts owing under the Note or in connection with the enforcement of the Note, including, without limitation, reasonable attorneys' fees and expenses.

**Defaults under the Loan**

11. Beginning in November 2023, Borrower failed to make its monthly payments owing under the Note (the "**Default**"), which constitutes a Default under Section 4(A) of the Note.

12. Pursuant to the Loan Documents, the Bank is entitled to accelerate the indebtedness owing under the Loan Documents upon the occurrence of an Event of Default.

13. As set forth above, Borrower defaulted under the Loan Documents as a result of the Payment Default.

14. By letter dated February 28, 2024, counsel for the Bank sent Borrower a *Notice of Default, Demand for Repayment, and Reservation of Rights* (the "**February 28 Notice**") (i) notifying Borrower of the Default, (ii) notifying the Borrower that, due to the Default, the Bank accelerated all amounts due and owing under the Note, and (iii) providing the Borrower ten (10) days to repay the entire indebtedness due and owing under the Loan Documents. A true and correct copy of the February 28 Notice is attached hereto as **Exhibit D** and incorporated herein by reference.

15. Despite the February 28 Notice, the Borrower has failed to pay all of the indebtedness due and owing under the Loan Documents within the 10-day window.

16. By letter dated March 12, 2024, counsel for the Bank sent Borrower a *Notice of Acceleration* (the "**Acceleration Notice**") notifying Borrower that all amounts indebtedness due and owing to the Bank under the Loan Documents has been accelerated. A true and correct copy of the Acceleration Notice is attached hereto as **Exhibit E** and incorporated herein by reference.

3

17. As of March 12, 2024, the principal indebtedness due and owing under the Note is $134,954.78, which sum does not include unpaid interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by the Bank in collecting the indebtedness owing under the Note, and other legally recoverable amounts.

<u>CAUSES OF ACTION</u>

**Count 1 – Breach of Contract**
**(Borrower - the Note )**

18. The Bank incorporates the foregoing allegations herein as if restated herein.

19. The Note is a valid and binding contract.

20. The Bank has performed or tendered performance of its obligations under the Note.

21. Borrower has failed to perform its obligations under the Note and is in Default and in breach of its obligations under the Loan Documents, despite the Bank's written demand.

22. As a consequence of Borrower's Default under the Loan Documents, the Bank has suffered damages as set out herein.

WHEREFORE, premises considered, Plaintiff prays for judgment against Borrower in the amount of $134,954.78, together with all accrued and accruing interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Plaintiff in collecting the indebtedness. Plaintiff prays for such other and further relief as this Court deems appropriate.

        Respectfully Submitted

        */s/ David T. Long Jr.*
        David T. Long Jr. (Bar No. 89870)
        Bradley Arant Boult Cummings LLP
        One Federal Place
        1615 L Street, Suite 1350
        Washington, D.C. 20036
        Telephone: (202) 719-8239
        Facsimile: (202) 719-8371
        E-mail:     dlong@bradley.com
        *Counsel for Cadence Bank, N.A.*